IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| EARL FITZGERALD WEBB, AIS # 137242, | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 3:26-CV-674-WKW [WO] |
| CHRISTOPHER JOSEPH HUGHES, *et al.*, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Earl Fitzgerald Webb, an inmate proceeding *pro se*, initiated this action by filing a 42 U.S.C. § 1983 complaint. (Doc. # 1.) He also filed an amended § 1983 complaint.[1] (Doc. # 2.) At the time of filing, Plaintiff neither paid the filing and administrative fees nor filed an application for leave to proceed *in forma pauperis* (IFP). On August 27, 2026, the Clerk of Court issued a Notice of Deficiency, instructing Plaintiff to either pay the filing fees or file an IFP application within 14 days of the Notice's date. (Doc. # 3 ("August 27 Notice").) By Order dated September 3, 2026, Plaintiff was directed to file a document titled, "Notice,"

[1] It subsequently was determined that Plaintiff likely meant to file this amended complaint in another case he has pending in the Middle District: *Webb v. Hughes*, No. 3:26-cv-11-MHT-SMD (M.D. Ala. docketed Jan. 7, 2026). By Order dated September 3, 2026, the Clerk of Court was directed to strike this document from the record in this action and file it in Plaintiff's other case. (Doc. # 4.)

stating whether he meant to commence a new civil action or whether he mailed both the complaint (Doc. # 1) and the amended complaint (Doc. # 2) in response to the Order entered on July 29, 2026, in his other pending case, *Webb v. Hughes*, No. 3:26-cv-11-MHT-SMD (M.D. Ala. docketed Jan. 7, 2026). (Doc. # 4 ("September 3 Order").)

Now before the court are multiple pending motions filed by Plaintiff. Each motion will be addressed in turn.

**A. <u>Motion for an Extension of Time</u>**

The first pending motion is one for an extension of the deadline for Plaintiff to cure his IFP/filing fee deficiency. This motion was originally received and docketed by the court on September 11, 2026. (Doc. # 5.) However, the motion was neither signed nor dated. Accordingly, the Clerk of Court issued a Notice of Deficiency on September 11, 2026, instructing Plaintiff to sign and refile the motion for an extension within 14 days of the Notice's Date. (Doc. # 6 ("September 11 Notice").)

On September 17, 2026, the court received and docketed Plaintiff's IFP application (Doc. # 8) and his prisoner trust fund account statement (Doc. # 9). On September 23, 2026, Plaintiff refiled a signed Motion for an Extension of Time.[2]

[2] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009). Absent evidence to the contrary, the court "assume[s] that a prisoner delivered a filing

(Doc. # 10.) This motion was filed within the 14-day period allotted in the September 11 Notice and, therefore, the filing of Plaintiff's IFP application and account statement complies with the August 27 Notice's deadline. Because Plaintiff's IFP application is deemed timely filed, Plaintiff's Motion for an Extension of Time will be denied as moot.

**B. <u>Motion to Amend</u>**

Plaintiff also has filed a Motion to Amend. (Doc. # 7.) Although it does not comply with the September 3 Order's directives (*see* Doc. # 4), this motion will be accepted as Plaintiff's notice that he did intend to commence a new action when he filed his complaint. Furthermore, Plaintiff will be given an opportunity to amend his complaint.

Rule 15 of the Federal Rules of Civil Procedure provides:

> A party may amend its pleading once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of the responsive pleading or 21 days after serve of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1). In other circumstances, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P.

to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (per curiam). Plaintiff signed and dated this motion "9/23/2026." (Doc. # 10.) Therefore, even though the motion was not received by the court and docketed until September 28, 2026, it is deemed filed on September 23, 2026.

15(a)(2). Because "[t]he court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), Plaintiff's motion to amend will be granted. However, it is noted that Plaintiff could have amended his complaint as a matter of course (*i.e.*, without court approval), as the timeframe limiting such amendment has not yet begun.

**C. Conclusion**

Based on the foregoing, it is ORDERED as follows:

(1) Plaintiff's signed and refiled Motion for an Extension of Time (Doc. # 10) is DENIED as moot.

(2) The Clerk of Court is DIRECTED to terminate Plaintiff's original Motion for an Extension of Time (Doc. # 5) as a pending motion.

(3) Plaintiff's Motion to Amend (Doc. # 7) is GRANTED.

(4) On or before **October 20, 2026**, Plaintiff shall file an amended complaint.

(5) The Clerk of Court is DIRECTED to provide Plaintiff with a copy of the form used by prisoners to file § 1983 actions: Pro Se 14 (Rev. 12/16), Complaint for Violation of Civil Rights (Prisoner). **Plaintiff must use the provided form to file his amended complaint.** The amended complaint will supersede the original complaint such that this action will proceed only as to Defendants named and the claims presented in the amended complaint.

Plaintiff is reminded that he must inform the court and Defendants (or, if represented, Defendants' counsel) of any change in his address within 14 days following such change of address. Plaintiff is CAUTIONED that failure to comply with the terms of this Memorandum Opinion and Order will result in dismissal for failure to prosecute and comply with an order of the court.

DONE this 29th day of September, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE